UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HEATHER BERNSTEIN, individually and )
on behalf of all others similarly situated, )
       Plaintiff, )
 )
 )
v. )   Civil No. 3:21-cv-10160-KAR
 )
 )
CONOPCO, INC., )
       Defendant. )

<u>MEMORANDUM AND ORDER ON DEFENDANT CONOPCO, INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>
(Dkt. No. 25)

ROBERTSON, U.S.M.J.

      The plaintiff Heather Bernstein ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against the defendant, Conopco, Inc. ("Defendant"), alleging that the labeling of Defendant's Breyers Delights Vanilla Bean Ice Cream was materially misleading. Plaintiff asserts three causes of action on behalf of the putative class: unfair and deceptive acts and practices in violation of Mass. Gen. Laws ch. 93A, §§ 2 and 9 (Count I); untrue and misleading advertising in violation of Mass. Gen. Laws ch. 266, § 91 (Count II); and unjust enrichment (Count III). Presently before the court is Defendant's motion to dismiss Plaintiff's first amended class action complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The parties have consented to this court's jurisdiction (Dkt. No. 14). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the following reasons, the motion to dismiss is GRANTED.

1

I.     BACKGROUND[1]

Plaintiff is a citizen of Massachusetts who purchased Breyers Delights Vanilla Bean Ice Cream ("the Product") in Massachusetts (Dkt. No. 21 at ¶¶ 14, 35). The Product is labeled with representations that include the words "Vanilla Bean" and images of a flowering vanilla plant and a flowering vanilla bean plant's bean pod (Dkt. No. 21 at ¶ 19-20). The label does not use any qualifying words, such as "flavor" or "flavored" after the words "Vanilla Bean" (Dkt. No. 21 at ¶ 21).

Plaintiff contends, on behalf of herself and the putative class, that the Product's labeling is misleading because it leads a reasonable consumer to expect that the Product would contain at least some vanilla beans, not as an exclusive ingredient but as one of its characterizing ingredients contributing to its characterizing vanilla flavor, when, in fact, the Product does not contain any vanilla beans as an ingredient (Dkt. No. 21 at ¶¶ 22-23). Instead, the Product contains "natural flavor" as the ingredient that imparts the characterizing vanilla flavor; this "natural flavor" is identified in small print on the Product's ingredient list located on the label on the backside of the Product (Dkt. No. 21 at ¶¶ 5, 24). Plaintiff alleges that the "deception flows from the fact that the Product does not disclose, on the Product's front label, that the Product is a flavored product that does not contain vanilla as an ingredient in the form of vanilla beans" (Dkt. No. 21 at ¶ 32). Plaintiff concedes that some oil, protein, essence, or other extraction of the vanilla bean may have been used to create the Product's natural flavor but maintains that those isolated compounds may not taste like vanilla and would have to be combined with other extractions from other plants or animals to create a flavoring substance that tastes like vanilla

---

[1] The facts, which are accepted as true for purposes of ruling on this motion, are drawn from Plaintiff's first amended class action complaint (Dkt. No. 21).

(Dkt. No. 21 at ¶ 87, 89). According to Plaintiff, the labeling is misleading in violation of federal labeling laws, which Massachusetts has expressly adopted (Dkt. No. 21 at ¶¶ 83, 90, 92, 97). Plaintiff maintains that she would have paid less for the Product or would not have purchased the Product if she had known at the time of purchase that it did not contain vanilla beans or enough vanilla beans to independently characterize the Product (Dkt. No. 21 at ¶¶ 58, 63).

## II.  LEGAL STANDARDS FOR FED. R. CIV. P. 12(b)(6) MOTIONS

"A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state a claim." *Ngomba v. Olee*, CIVIL ACTION NO. 18-11352-MPK, 2020 WL 107969, at *2 (D. Mass. Jan. 9, 2020). The court must "treat all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 919 F.3d 121, 127 (1st Cir. 2019) (citing *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 7 (1st Cir. 2011)). "In order to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Ngomba,* 2020 WL 107969, at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[L]abels and [legal] conclusions, and a formulaic recitation of the elements of a cause of action ...." are insufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "Simply put, the court should assume that well-pleaded facts are genuine and then determine whether such facts state a plausible claim for relief." *Ngomba,* 2020 WL 107969, at *2 (citing *Iqbal*, 556 U.S. at 679).

III.     DISCUSSION

Plaintiff claims that Defendant committed unfair or deceptive acts and practices in violation of Mass. Gen. Laws ch. 93A, §§ 2 and 9.  "To plausibly state a Chapter 93A claim premised on a deceptive act, the plaintiff must allege (1) a deceptive act or practice on the part of the seller; (2) an injury or loss suffered by the consumer; and (3) a causal connection between the seller's deceptive act or practice and the consumer's injury."  *Patenaude v. Orgain, LLC*, Civil Action No. 21-40018-TSH, 2022 WL 798274, at *2 (D. Mass. Mar. 16, 2022) (quoting *Tomasella v. Nestlé USA, Inc.*, 962 F.3d 60, 71 (1st Cir. 2020)).  "An act or practice is deceptive if it 'has the capacity to mislead consumers, acting reasonably under the circumstances, to act differently from the way they otherwise would have acted (i.e., to entice a reasonable consumer to purchase the product).'"  *Tomasella*, 962 F.3d at 71 (quoting *Aspinall v. Phillip Morris Companies, Inc.*, 813 N.E.2d 476, 488 (Mass. 2004)).  Naturally, Plaintiff's First Amended Class Action Complaint alleges that the Product label is deceptive, but "such a claim is a 'legal conclusion that is not deemed true even on a motion to dismiss."  *Patenaude*, 2022 WL 798274, at * 2 (citing *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 2172833, at *2 (N.D. Cal. Mar. 24, 2021)).  Thus, the court must examine the complaint to determine whether Plaintiff has plausibly alleged that the Product label is deceptive.

In addressing this question, the court does not write on a blank slate.  "[N]umerous similar actions challenging products labeled as 'Vanilla' have recently arisen in various jurisdictions, leaving in their wake a trail of dismissals."  *Wach v. Prairie Farms Dairy, Inc.*, No. 21 C 2191, 2022 WL 1591715, at *3 and n.2 (N.D. Ill. May 19, 2022) (citing *Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235 (S.D.N.Y. 2021) (vanilla ice cream dessert bars); *Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667 (S.D.N.Y. 2021) (vanilla energy

4

drink); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154 (S.D.N.Y. 2021) (vanilla soymilk); *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562 (S.D.N.Y. 2021) (vanilla chai tea mix); *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795 (S.D.N.Y. 2021) (vanilla soymilk); *Steele v. Wegmans Food Mkts. Inc.*, 472 F. Supp. 3d 47 (S.D.N.Y. 2020) (vanilla ice cream); *Tropp v. Prairie Farms Dairy, Inc.*, No. 20-cv-1035-jdp, 2021 WL 5416639 (W.D. Wis. Nov. 19, 2021) (vanilla ice cream); *Zahora v. Orgain LLC*, No 21 C 705, 2021 WL 5140504 (N.D. Ill. Nov. 4, 2021) (vanilla shake); *Garadi v. Mars Wrigley Confectionery US, LLC*, Nos. 1:19-cv-03209 (RJD) (ST), 1:21-cv-1996 (RJD) (ST), 2021 WL 2843137 (E.D.N.Y. July 6, 2021) (vanilla ice cream bars); *Fahey v. Whole Foods Mkt., Inc.*, No. 20-cv-06737-JST, 2021 WL 2816919 (N.D. Cal. June 30, 2021) (vanilla almond milk); *Robie v. Trader Joe's Co.*, No. 20-cv-07355-JSW, 2021 WL 2548960 (N.D. Cal. June 14, 2021) (vanilla almond cereal); *Clark v. Westbrae Nat., Inc.*, No. 20-cv-03221-JSC, 2021 WL 1580827 (N.D. Cal. Apr. 22, 2021) (vanilla soymilk); *Harris v. McDonald's Corp.*, No. 20-cv-06533-RS, 2021 WL 2172833 (N.D. Cal. Mar. 24, 2021) (vanilla ice cream); *Wynn v. Topco Assocs., LLC*, No. 19-cv-11104 (RA), 2021 WL 168541 (S.D.N.Y. Jan. 19, 2021) (vanilla almond milk); *Cosgrove v. Blue Diamond Growers*, 19 Civ. 8993 (VM), 2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) (vanilla almond milk); *Pichardo v. Only What You Need., Inc.*, No. 20-CV-493 (VEC), 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) (vanilla-flavored protein drink)). Two recent decisions are particularly apposite.

The first is the decision by another session of this court in *Patenaude*, in which the court granted the defendant's motion to dismiss a complaint with allegations and claims that were nearly identical to those in the instant case. *See Patenaude v. Orgain, LLC*, Civil Action No. 21-40018-TSH, at Dkt. No. 14. The only substantive difference between the two was that the

5

product in *Patenaude* was an "Unsweetened Vanilla" almondmilk, as opposed to the "Vanilla Bean" ice cream involved here. *Patenaude*, 2022 WL 798274, at *1. In *Patenaude*, the court first addressed the plaintiff's Chapter 93A claim and determined both that the plaintiff had not plausibly alleged (1) that a reasonable consumer would be misled by the product label and (2) that the product label was likely to affect consumers' conduct or decision regarding the product. *Id*. at *3-4. The court observed that "[i]t is well-established that a reference to 'vanilla' on the front label of a product is insufficient to establish a finding that a reasonable consumer would be misled." *Id*. at *2 (citing *Nacarino v. Chobani, LLC*, No. 20-cv-07437-EMC, 2021 WL 3487117, at *4 (N.D. Cal. Aug. 9, 2021) (dismissing a claim of deception based on labeling containing the word vanilla when the product did not contain flavoring exclusively or predominately from vanilla bean); *Fahey*, 2021 WL 2816919, at *2 (same); *Twohig*, 519 F. Supp. 3d at 160-161 (same)). "'[A] reasonable consumer would understand that 'vanilla' is merely a flavor designation, not an ingredient claim' and therefore would not be misled in thinking the product contains vanilla." *Id*. (quoting *Twohig*, 519 F. Supp. 3d at 161). Thus, the court held that "the word 'vanilla' without any qualifying terms does not lead a reasonable consumer to believe that the vanilla flavor came exclusively or predominantly from vanilla beans." *Id*. at *3. The court put weight on the facts that the product label did not make any reference to vanilla extract, vanilla beans, or "real" vanilla, and the label did not bear any images of a vanilla plant, vanilla flower, or vanilla beans. *Id*. Moreover, the plaintiff failed to plausibly allege that the product did not contain vanilla because he did not allege that he had done any product testing demonstrating the lack of vanilla or that his palate could discern the lack of vanilla, and he conceded that "some oil, protein, essence, or other extraction of the vanilla plant's bean pod may have been used to create the Product's Natural Flavors." *Id*. (quoting the

6

amended complaint). As to the lack of materiality of the alleged misrepresentation, the court reiterated the point that a reasonable consumer would understand the reference to "vanilla" as a flavor designation, and not an ingredient claim. Further, the plaintiff "fail[ed] to allege facts that show reasonable consumers would be materially mislead [sic] when a product's label uses the word 'vanilla' and its natural flavor comes in part, but not exclusively, from the vanilla bean as opposed to other natural vanilla sources." *Id*. at *4. In sum, the plaintiff's Chapter 93A claim "fail[ed] without a plausible allegation of a deceptive act or practice that materially mislead [sic] consumers." *Id*. (citing *In the Matter of Int'l Harvester Co.*, 104 F.T.C. 949, 949 (1984)).

The second case of particular note is *Civello v. Conopco, Inc.*, 20 Civ. 1173 (VM), 2021 WL 5761894 (S.D.N.Y. Dec. 3, 2021), in which the court dismissed the plaintiff's New York General Business Law and common law claims against Defendant arising out of the label for the same product at issue in this case. *Id*. at *1. The *Civello* court addressed the plaintiff's claims as a group, finding that all were "premised on the same contention: Conopco's labeling of the Product is materially misleading. Thus, if Conopco's Product does not misrepresent the contents of the container as a matter of law, all of [the plaintiff's] claims must be dismissed." *Id*. at * 3. The court first held, unlike the *Patenaude* court, that, "when taken as a whole, a reasonable consumer would interpret the product's representation as referring to an ingredient, vanilla bean, and not just the vanilla flavor." *Id*. at *4. The court was persuaded in this regard because the product was labeled "vanilla bean" as opposed to just "vanilla;" the product included images of the vanilla bean plant alongside the written representations; and "perhaps most importantly," the product represented that it was "made with real vanilla beans." *Id*. at *1, 4. Nevertheless, the court concluded that the product's labeling was not materially misleading because the plaintiff's allegations "admit[ted] that the Product contains vanilla bean in some amount, whether in solid

7

or liquid extract form." *Id*. at *4.  Thus, the allegations regarding the presence of real vanilla beans did not constitute an outright falsehood; instead, the plaintiff's argument was that the packaging was deceptive as to "the amount and purpose of the ingredient." *Id*.  The court rejected this contention, finding that, "stating that [a]n [ice cream] is vanilla flavored when it is, even without clarifying the source of the vanilla, does not mislead because reasonable consumers would expect a vanilla taste, and that is exactly what they get." *Id*. (quoting *Pichardo*, 2020 WL 6323775, at *4).  Moreover, the court was "skeptical that consumers would find the percentage of vanilla flavor that derives from vanilla bean, as opposed to other natural and artificial sources, to be material." *Id*. at *5.  For these reasons, the *Civello* court dismissed all the plaintiff's claims. *Id*.

While neither *Patenaude* nor *Civello* constitute binding authority, the court finds their analyses persuasive.  The court agrees with *Civello* that the Product's label containing the designation "Vanilla Bean," along with the images a flowering vanilla plant and a flowering vanilla bean plant's bean pod is sufficient to be an ingredient claim, rather than simply a flavor designation.  This is the opposite conclusion than that reached by *Patenaude*, but that court found it decisive that the label before it, unlike the instant label, referred only to "vanilla" – as opposed to "vanilla bean" – and did not include the associated vanilla flower and vanilla bean images.  Thus, the *Patenaude* decision similarly supports this conclusion by implication.

Nevertheless, the court finds that Plaintiff's 93A claim is subject to dismissal.  The claim of deception is premised on the notion that the product does not contain vanilla bean but that is not plausibly alleged in the complaint.  Indeed, Plaintiff expressly concedes that "[s]ome oil, protein, essence, or other extract of the vanilla bean may have been used to create the Product's natural flavor" (Dkt. No. 21 at 16).  It is immaterial whether the vanilla bean is "in solid or liquid

8

extract form." *Civello*, 2021 WL 5761894, at *4. The extract of a vanilla bean is a form of vanilla bean. "A claim that a product is misleading because it does not contain vanilla [bean], must plausibly state that it does not contain vanilla [bean], and without such a plausible claim the Plaintiff's allegation of deception must fail." *Patenaude*, 2022 WL 798274, at *3 (citing *Budhani*, 527 F. Supp. 3d at 682).

Thus, as in *Civello*, Plaintiff has not alleged an outright falsehood, but rather premises her claim of deception on the "amount and purpose of the ingredient," specifically positing that the oil, protein, essence, or other extraction of the vanilla bean "may not taste like vanilla" and would have to be combined with extractions from other plants and animals to create the vanilla flavor of the product (Dkt. No. 21 at 16). This theory of liability is unconvincing. First, it is based only on conjecture that the vanilla bean extract may not taste like vanilla and may have to be supplemented. Second, there is no claim on the product's packaging that vanilla bean is the predominant source of the vanilla flavor. The *Patenaude* court rejected the argument on largely the same facts that a product with the front label containing the word "vanilla" should derive its flavor predominantly from vanilla to avoid being deceptive. The fact that the Product in this case is labeled "Vanilla Bean," as opposed to simply "Vanilla," does not alter this conclusion.

Both sides rely on the First Circuit decision in *Dumont v. Reily Foods Co.*, 934 F.3d 35 (1st Cir. 2019), in support of their respective positions. In *Dumont*, the court held that the plaintiff had plausibly stated a Chapter 93A claim premised on the alleged misleading labeling of the defendant's "Hazelnut Crème" coffee, which could lead a reasonable consumer to conclude the product contained hazelnuts when it did not. *Id*. at 37. This court concludes that *Dumont* favors Defendant. Unlike in *Dumont*, in which the product was entirely devoid of hazelnut, Plaintiff concedes that Defendant's product may contain some oil, protein, essence, or other

extraction of the vanilla bean.  "Though the panel in [*Dumont*] found that the question of whether a label was misleading was best left to a jury, both the majority and dissent acknowledged that 'the boundaries of what may qualify for consideration as a ... violation is a question of law.'"  *Lima v. Post Consumer Brands, LLC*, No. 1:18-cv-12100-ADB, 2019 WL 4889599, at *2 (D. Mass. Oct. 2, 2019) (citing *Dumont*, 934 F.3d at 40 (quoting *Chervin v. Travelers Ins. Co.*, 858 N.E.2d 746, 759 (Mass. 2006)); *id*. at 44 (Lynch, J., dissenting)).  The court here concludes that Plaintiff's allegations fall outside of those boundaries.  The amended complaint's factual allegations do not "make it plausible that, on a full factual record, a factfinder could reasonably regard the label as having the capacity to mislead."  *Dumont*, 934 F.3d at 40.

Defendant raises the additional ground for dismissal that Plaintiff's Chapter 93A claim is preempted, either expressly or impliedly.  The parties agree that Plaintiff's claim must thread a "narrow gap" to avoid express or implied preemption.  "The plaintiff must be suing for conduct that *violates* the FDCA (or else his claim will be expressly preempted …), but the plaintiff must not be suing *because* the conduct violates the FDCA (such a claim would be impliedly preempted …)."  *In re Medtronic, Inc., Sprint Fidelis Leads Prod. Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010) (quoting *Riley v. Cordis Corp.*, 625 F. Supp. 2d 769, 777 (D. Minn. 2009)).  In other words, Plaintiff's allegations must state a claim both for a violation of state law and for a violation of the FDCA.  Because the court has determined that Plaintiff has not stated a claim for a violation of Chapter 93A, it need not reach the question of whether the Product label violates the FDCA, as Plaintiff contends.

Plaintiff's Mass. Gen. Laws ch. 266, § 91 and unjust enrichment claims fare no better than her Chapter 93A claim.  Pursuant to Mass. Gen. Laws ch. 266, § 91, it is unlawful for any

10

person to publish within the Commonwealth an advertisement which "contains any assertion, representation, or statement of fact which is untrue, deceptive or misleading, and which such person knew, or might on reasonable investigation have ascertained to be untrue, deceptive or misleading." Mass. Gen. Laws ch. 266, § 91.  Because Plaintiff fails to plausibly allege that the label of the Product is untrue, deceptive, or misleading, Plaintiff's Chapter 266 claim fails for the same reasons as her Chapter 93A claim.  *See Patenaude*, 2022 WL 798274, at *4 (dismissing the plaintiff's Chapter 266 claim for the same reason).  As to Plaintiff's unjust enrichment claim, the law is clear that "a party with an adequate remedy at law cannot claim unjust enrichment." *Id*. at *5 (quoting *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017)).  "The viability of a Chapter 93A claim is irrelevant as the 'mere availability' of a legal remedy bars a claim to unjust enrichment." *Id*. (quoting *Fernandes v. Havkin*, 731 F. Supp. 2d 103, 114 (D. Mass. 2010)).[2]

## IV.   CONCLUSION

For the above-stated reasons, Defendant's motion to dismiss (Dkt. No. 25) is GRANTED.  It is so ordered.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

DATED:  June 15, 2022

---

[2] Because Plaintiff has not stated an actionable claim, the court need not reach Defendant's argument that Plaintiff lacks standing to pursue injunctive relief.